IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>             v.<br><br>VICTOR TORRES-GALINDEZ,<br>    Defendant. | CRIMINAL NO. 97-082-39 (SEC) |

**URGENT MOTION REQUESTING CONTINUANCE OF THE REVOCATION HEARING**

HON. SALVADOR E. CASELLAS
SENIOR UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

**COMES NOW** Mr. Victor Torres-Galindez, the defendant herein, represented by the Federal Public Defender for the District of Puerto Rico, and before this Honorable Court respectfully states and prays as follows:

1. On August 26th 2005 the instant case was scheduled for a Revocation Hearing at the Federal District Court Building in Old San Juan. Assistant Federal Public Defender Joannie Plaza substituted for the undersigned. The matter was reset for September 30th at 10:00 am. Document number 3275.

2. On today's date, September 29th at around 3 to 4 pm, this writer was contacted by Mr. Torres' attorney at the local level, Mr. Carlos Garcia, Esq., who informed me of the status of the matter. Specifically, the fact that the state has decided to appeal ("*ir en alzada*") the determination of no probable cause for the alleged offenses after preliminary hearings were held. A copy of the state's motion is appended below.

3. Perhaps a brief update on the procedural history of this case at the state level is in order. The following information was obtained from Mr. Garcia, who is representing Mr. Torres and his co-defendant at the state level. At this time, Mr. Torres' co-defendant in the state case, Carlos Silva-Vega, has had all criminal charges against him dismissed for lack of probable cause. There are written statements, taken by Agent Juan Rodriguez-Maldonado, taken from the co-defendant to the effect that Mr. Torres had no knowledge of or involvement with a weapon. The alleged victim/state witness, Mr. Rigoberto Torres, stated he did not see a weapon. The alleged victim Rebeca Colon, a Burger King employee, also recanted her testimony. Mr. Silva's [the co-defendant] charges have been dismissed after a preliminary hearing ("*VP*") and a hearing on appeal ("*VP en alzada*"). Therefore the fact that no offenses were committed is *res judicata* as to Mr. Silva.

4. According to information provided by Mr. Torres' attorney at the state level, Mr. Torres' case was re-filed after dismissal pursuant to Rule 67 of the Puerto Rico Rules of Criminal Procedure by Superior Court Judge Mariela Miranda. A preliminary hearing was held on September 14th before Superior Court Judge Juan Hernandez, wherein no cause was found against Mr. Torres. Pursuant to Rule 24 of the Puerto Rico Rules of Criminal Procedure, the state appealed that determination. The state has a 60-day term within which to make its case before the Court. Given that the facts and circumstances of the local case point towards a dismissal of the criminal charges against Mr. Torres, it is most respectfully submitted that a miscarriage of justice would ensue if we were to admit "conduct" in violation of the terms of supervised release at this juncture. Therefore, it is most respectfully submitted that the instant matter be continued to date after November 14th . The defense assures this Honorable Court that

no further requests for continuance will be made.

    5. In response to the asseverations made by the probation officer in her "Supplement to Motion Filed on April 14th 2005 and Request for a Revocation Hearing" (Document number 3273), the defense would note the following:

(a)    Looking at the last sentence of Application Note (1) under §7B1.1- "the grade of the violation is to be based on the defendant's **actual** conduct" (emphasis added)- it becomes evident that absence of probable cause to arrest for the commission of that conduct is determinative of the issue of whether that conduct occurred at all. Even though some courts, operating under a mandatory guidelines regime, disagreed, the fact is that now the Guidelines are no longer mandatory, and a sentencing judge is not obligated to revoke on mere assertions of "conduct" for which no probable cause was found elsewhere.

(b)    It would be a miscarriage of justice, and ineffective assistance of counsel on my part, to "admit" violations of supervised release based on conduct that another court of competent jurisdiction found not to exist. It is most respectfully submitted that counsel for Mr. Torres cannot accept the allegations made by the probation officer until a final and binding determination is made by the Court which is hearing the matter, a Court which we must add, has heard and adjudged the credibility of the testimony of the parties appearing before it. If this Honorable Court were to make a determination at this stage of whether the offenses alleged actually occurred, under a lesser standard of proof[1], it would not only affect Mr. Torres (by perhaps generating admissions that could be used

---

[1] The defense is cognizant that post-conviction proceedings, at the Federal level at least, are adjudicated under a preponderance of the evidence standard.

in the subsequent state trial, if any is held), but would also trample upon notions of federalism and comity between state and federal courts.

**WHEREFORE** it is most respectfully and urgently requested that the matter be continued to a date after November 14th 2005.

**RESPECTFULLY REQUESTED**.

In San Juan, Puerto Rico, September 29th , 2005.

>JOSEPH C. LAWS, JR.
>Federal Public Defender
>S/FRANCISCO VALCARCEL-FUSTER
>USDC-PR #220108
>Assistant Federal Public Defender
>241 Franklin D. Roosevelt Avenue
>Hato Rey, PR  00918-2441
>Tel. (787) 281-4922 / Fax (787) 281-4899
>E-mail : francisco_valcarcel@fd.org

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 29th , 2005 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for the government, U.S. Attorney H.S. García, and the U.S. Probation Office (Damarys Tellado).

At San Juan, Puerto Rico, this 29th day of September, 2005.

>**JOSEPH C. LAWS, JR**
>**Federal Public Defender**
>**District of Puerto Rico**
>
>S/FRANCISCO VALCARCEL-FUSTER
> USDC-PR #220108
>Assistant Federal Public Defender
>241 Franklin D. Roosevelt Avenue
>Hato Rey, PR  00918-2441
>Tel. (787) 281-4922 / Fax (787) 281-4899
>E-mail : *francisco_valcarcel@fd.org*